NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH JEROME PACKNETT,<br><br>　　　　　　Plaintiff,<br><br> vs.<br><br>R. WINGO, et al.,<br><br>　　　　　　Defendants. | No. C 09-00327 JF (PR)<br><br>ORDER DIRECTING PLAINTIFF TO PROVIDE PROOF OF SERVICE OR PROVIDE COURT WITH LOCATION INFORMATION FOR DEFENDANT S. GONZALES |

　　　　Plaintiff, a California prisoner proceeding pro se, filed the instant civil rights action pursuant to 42 U.S.C. § 1983 against officials of the San Quentin State Prison ("SQSP"). The Court ordered service of Plaintiff's complaint upon the named defendants. (See Docket No. 5.) The summons for Defendant S. Gonzales was returned unexecuted on September 23, 2009, with the remark that "Facility attempted contact and after numerous attempts returned summons unexecuted." (Docket No. 23.) Accordingly, Defendant Gonzales has not been served.

　　　　In cases wherein the plaintiff proceeds in forma pauperis, the "officers of the court shall issue and serve all process." 28 U.S.C. § 1915(d). The court must appoint the Marshal to effect service, see Fed. R. Civ. P. 4(c)(3), and the Marshal, upon order of the

court, must serve the summons and the complaint, see Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994). Plaintiff has paid the filing fee and, therefore, is not proceeding in forma pauperis. However Rule 4(c)(3) permits the court to request that the Marshal serve the complaint at plaintiff's request. Accordingly, the Court has issued summons and ordered service of the complaint on plaintiff's behalf.

Although a plaintiff who is incarcerated and proceeding in forma pauperis may rely on service by the Marshal, such plaintiff "may not remain silent and do nothing to effectuate such service"; rather, "[a]t a minimum, a plaintiff should request service upon the appropriate defendant and attempt to remedy any apparent defects of which [he] has knowledge." Rochon v. Dawson, 828 F.2d 1107, 1110 (5th Cir. 1987). Here, Plaintiff's complaint has been pending for over 120 days, and thus, absent a showing of "good cause," is subject to dismissal without prejudice. See Fed. R. Civ. P. 4(m). Plaintiff has not provided sufficient information to allow the Marshal to locate and serve Defendant S. Gonzales, and consequently Plaintiff must remedy the situation or face dismissal of his claims against Defendant Gonzales without prejudice. See Walker v. Sumner, 14 F.3d at 1421-22 (holding prisoner failed to show cause why prison official should not be dismissed under Rule 4(m) where prisoner failed to show he had provided Marshal with sufficient information to effectuate service).

Accordingly, Plaintiff must either himself provide proof of service on Defendant Gonzales, or provide the Court with his accurate current location such that the Marshal is able to effect service. If Plaintiff fails to effectuate service on Defendant Gonzales, or provide the Court with an accurate current location for him, within **thirty (30) days** of the date this order is filed, Plaintiff's claims against Defendant Gonzales will be dismissed without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

DATED: 10/2/09

JEREMY FOGEL
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

KENNETH J. PACKNETT,

        Plaintiff,

  v.

R. WINGO, et al.,

        Defendants.
                                          /

Case Number: CV09-00327 JF

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on 10/19/09, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Kenneth Jerome Packnett C94858
CA State Prison at San Quentin
1-N-37-L
San Quentin, CA 94974

Dated: 10/19/09

                                         Richard W. Wieking, Clerk