NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH JEROME PACKNETT,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>R. WINGO, et al.,<br><br>　　　　Defendants. | No. C 09-00327 JF (PR)<br><br>ORDER GRANTING MOTION TO DISMISS; GRANTING MOTION FOR JOINDER; DENYING MOTION FOR STAY<br><br><br>(Docket Nos. 30, 51 & 53) |

　　　　Plaintiff, a California prisoner proceeding pro se, filed the instant civil rights action pursuant to 42 U.S.C. § 1983, against officials of the San Quentin State Prison ("SQSP"). Finding the complaint, liberally construed, stated cognizable claims, the Court ordered service upon Defendants. Defendants Cramer, Wingo, Ayers, Amrhein-Conama, Sung, and Grannis have filed a motion to dismiss for failure to state a claim and on the grounds of qualified immunity. (Docket No. 30.) Defendant Gonzales has filed a motion for joinder to Defendants' motion to dismiss. (Docket No. 51.) The motion for joinder is GRANTED. Plaintiff filed opposition, and Defendants filed a reply.

///

///

**BACKGROUND**

According to the complaint, Plaintiff was involved in several lawsuits when he came into the custody of SQSP in March 2006. (Compl. 7.) Plaintiff's allegations with respect to SQSP officials' wrongful handling of his legal mail are as follows: (1) In January 2007, two pieces of incoming mail, one from the law offices of Bailey, Perrin, & Bailey, and one from the Watts Law Firm, were inappropriately opened and delayed during January 2007, (id. at 9-10); (2) in February 2007, two pieces of legal mail were opened outside of his presence, (id. at 11); (3) in March 2007, another piece of mail from Bailey, Perrin, & Bailey was opened outside of his presence and delayed twenty days, (id. at 14); (4) in July 2007, mail from Bailey, Perrin, & Bailey was delayed for over a month and opened outside of his presence, (id. at 16); (5) in October 2007, mail from Bailey, Perrin, & Bailey was opened and delayed, (id. at 18); and (6) in January 2008, mail from the Watts Law Firm was opened and a settlement check was removed, (id. at 20). Plaintiff alleges that the responses for the grievances he filed in connection with these legal mail incidences had inadequate documentation as to the reasons why his mail was opened and who opened the correspondence in error. (Id. at 26, 28, 29, & 31-32.)

Plaintiff claims that his First Amendment rights were violated when Defendants wrongfully opened and delayed his legal mail, and that their actions did not advance any legitimate state interest and created a "chilling effect" on his First Amendment rights. (Compl. at 28.) Plaintiff alleges that Defendants acted in retaliation and conspired to interfere with Plaintiff's constitutional rights. In his opposition, Plaintiff makes a "point of clarification," stating that he withdraws all "access to court claims," conceding that he has suffered no actual injury. (Oppo. at 2) (Docket No. 34).

**DISCUSSION**

I. **Failure to State a Claim**

Failure to state a claim is a grounds for dismissal before service under both sections 1915A and 1915(e)(2), as well as under Rule 12(b)(6). Dismissal for failure to

state a claim is a ruling on a question of law.  See Parks School of Business, Inc., v. Symington, 51 F.3d 1480, 1483 (9th Cir. 1995).  "The issue is not whether plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim." Usher v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir. 1987).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests."'"  Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (citations omitted).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .   Factual allegations must be enough to raise a right to relief above the speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 553-56 (2007) (citations omitted).  A motion to dismiss should be granted if the complaint does not proffer "enough facts to state a claim for relief that is plausible on its face."  Id. at 570; see, e.g., Ashcroft v. Iqbal, 129 S. Ct. 1937, 1952 (2009) (finding under Twombly and Rule 8 of the Federal Rules of Civil Procedure, that complainant-detainee in a Bivens action failed to plead sufficient facts "plausibly showing" that top federal officials "purposely adopted a policy of classifying post-September-11 detainees as 'of high interest' because of their race, religion, or national origin" over more likely and non-discriminatory explanations).

**A.    First Amendment - Delayed Mail Claim**

Plaintiff claims that his First Amendment rights were violated when Defendants wrongfully opened and delayed his legal mail, and that their actions did not advance any legitimate state interest and created a "chilling effect" on his First Amendment rights. (Compl. at 28.)  In his opposition, Plaintiff makes a "point of clarification," stating that he withdraws all "access to court claims," conceding that he has suffered no actual injury. (Oppo. at 2) (Docket No. 34).

Prisoners enjoy a First Amendment right to send and receive mail. See Witherow v. Paff, 52 F.3d 264, 265 (9th Cir. 1995) (citing Thornburgh v. Abbott, 490 U.S. 401, 407 (1989)). A prison, however, may adopt regulations or practices which impinge on a prisoner's First Amendment rights as long as the regulations are "reasonably related to legitimate penological interests." See Turner v. Safley, 482 U.S. 78, 89 (1987). The Turner standard applies to regulations and practices concerning all correspondence between prisoners and to regulations concerning incoming mail received by prisoners from non-prisoners. See Thornburgh, 490 U.S. at 413.

Prison officials may institute procedures for inspecting "legal mail," e.g., mail sent between attorneys and prisoners, see Wolff v. McDonnell, 418 U.S. 539, 576-77 (1974) (incoming mail from attorneys), and mail sent from prisoners to the courts, see Royse v. Superior Court, 779 F.2d 573, 574-75 (9th Cir. 1986) (outgoing mail to court). But the opening and inspecting of "legal mail" outside the presence of the prisoner may have an impermissible "chilling" effect on the constitutional right to petition the government. See O'Keefe v. Van Boening, 82 F.3d 322, 325 (9th Cir. 1996) (citing Laird v. Tatum, 408 U.S. 1, 11 (1972)); but cf. Keenan v. Hall, 83 F.3d 1083, 1094 (9th Cir. 1996), amended, 135 F.3d 1318 (9th Cir. 1998) (prison officials may open and inspect mail to prisoner from courts outside prisoner's presence because mail from courts, as opposed to mail from a prisoner's lawyer, is not "legal mail"). If so, prison officials must establish that legitimate penological interests justify the policy or practice. See O'Keefe, 82 F.3d at 327 (mail policy that allows prison mailroom employees to open and read grievances sent by prisoners to state agencies outside prisoners' presence reasonable means to further legitimate penological interests).

"Legal mail" may not be read or copied without the prisoner's permission. See Casey v. Lewis, 43 F.3d 1261, 1269 (9th Cir. 1994), rev'd on other grounds, 518 U.S. 343 (1996). But again, prison officials may establish that legitimate penological interests justify the policy or practice. See O'Keefe, 82 F.3d at 327. Defendants cite California regulations in this regard, which provide that "[a]ll incoming packages and non-

confidential mail addressed to an inmate will be opened and inspected before delivery to the inmate.  The purpose of inspection is to receive or receipt any funds enclosed for deposit to the inmate's trust account, to verify and record the receipt of permitted personal property, and to prevent the introduction of contraband." Cal. Code Regs. tit. 15, § 3133(b)(3).  Furthermore, any incoming mail which qualifies as "confidential mail" will be opened in the presence of the inmate. Id. §§ 314-3144.  Under the same regulations, an inmate may correspond confidentially with persons and staff members of persons including, as relevant to Plaintiff's allegations: all state and federal judges and courts; an attorney listed with a state bar association; and "legal services organizations" such as the American Civil Liberties Union and the Prison Law Office. Id. § 3141(c). Incoming mail from these entities will be processed as confidential correspondence only if the envelope bears the name, title, and a return address of a sender listed in § 3141. Id. §§ 3141(c), 3143.[1]  Any mail that does not include the name and title of the sender will be processed as non-confidential correspondence, *i.e.*, "opened and inspected before delivery to the inmate." Id. § 3133(b)(3).

Prison officials have a responsibility to forward mail to inmates promptly. See Bryan v. Werner, 516 F.2d 233, 238 (3d Cir. 1975).  Allegations that mail delivery was delayed for an inordinate amount of time are sufficient to state a claim for violation of the First Amendment. See Antonelli v. Sheahan, 81 F.3d 1422, 1432 (7th Cir. 1996).  Any practice or regulation that unduly delays an inmate's incoming mail must be reasonably related to legitimate penological interests. See Turner v. Safley, 482 U.S. at 89.  But a temporary delay or isolated incident of delay does not violate a prisoner's First Amendment rights. See Crofton v. Roe, 170 F.3d 957, 961 (9th Cir. 1999) (policy of diverting publications through property room reasonably related to prison's interest in

---

[1] Requiring a return address is constitutional; it satisfies the first factor in Turner v. Safley, 482 U.S. 78, 89 (1987), because it is rationally related to prison security interests insofar as it assists in prison investigations. Morrison v. Hall, 261 F.3d 896, 907 (9th Cir. 2001).

inspecting mail for contraband).

Defendants argue that the mail at issue do not all meet the criteria for confidential mail. (Mot. at 5.) Defendants assert that all the correspondence from the law firm Bailey, Perrin, & Baily identified above lacked the name and title of the individual sender on the return address on the envelope by which the mailroom staff could identify the correspondence as confidential in accordance with the regulations. (Id.; see also Cal. Code Regs. tit. 15, § 3143.) This was also the case for mail received from the Watts Law firm and the State Bar of Texas. (Id.) Defendants argue that because mail at issue in this case did not qualify as confidential legal mail and there was a legitimate penological reason for inspecting the mail, *i.e.,* maintaining security, Plaintiff fails to state a claim that his mail was tampered with in violation of the First Amendment. (Id. at 6.)

In opposition, Plaintiff claims that the mail in question was legal mail and therefore should have been handled in a particular manner pursuant to regulations. (Oppo. at 5.) However, he fails to dispute Defendants' assertions that the mail failed to meet the criteria for confidential mail. (Oppo. at 3-4.) Rather, Plaintiff repeats his assertions that the inspection of his mail was retaliatory and based on a conspiracy to intrude into his attorney-client correspondence. (Id. at 5.) Defendants do not dispute that Plaintiff's mail was opened outside of his presence and some of the mail's delivery may have been delayed. (Reply at 3.) Defendants assert that this was due to the fact that the mail did not qualify as confidential mail which resulted in it being treated in accordance with prison regulations for a legitimate penological reasons, *i.e.*, prison security and administrative costs. See O'Keefe, 82 F.3d at 323. Plaintiff does not challenge the validity of these regulations but merely repeats his allegations that Defendants improperly opened and delayed his mail.

Defendants have shown that the specific mail items at issue were treated as non-confidential mail because they did not meet the criteria. Plaintiff has failed to show otherwise. Furthermore, Plaintiff has failed to show that the mail regulation that lead to the delay in his legal mail was not reasonably related to legitimate penological interests.

See Turner v. Safley, 482 U.S. at 89.  Accordingly, Defendants' motion to dismiss Plaintiff's First Amendment claim with respect to his mail is GRANTED for failure to state a claim.  See Twombly, 550 U.S. at 570.

### B.     First Amendment - Retaliation Claim

Plaintiff claims that his First Amendment rights were violated when Defendants wrongfully opened and delayed his legal mail, and that they did so with retaliation motives.

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements:  (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted).  Accord Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995) (prisoner suing prison officials under § 1983 for retaliation must allege that he was retaliated against for exercising his constitutional rights and that the retaliatory action did not advance legitimate penological goals, such as preserving institutional order and discipline); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam) (same); Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985) (contention that actions "arbitrary and capricious" sufficient to allege retaliation).

Defendants assert that Plaintiff fails to state a retaliation claim because he fails to elaborate beyond his bare assertion that Defendants' actions "'did not advance any legitimate state interest.'"  (Mot. at 8, citing Compl. at 28.)  Furthermore, Defendants argue that Plaintiff "fails to describe the protected activity that he engaged in that prompted Defendants' alleged retaliatory screening of his mail."  (Mot. at 8.)  Defendants assert that without more, Plaintiff fails to state a claim that their conduct was motivated by something other than prison security.  (Id. at 9.)

In opposition, Plaintiff claims that Defendants are acting in "retaliation by ongoing acts of opening, inspecting, perusing and delaying delivery of confidential incoming legal

mail." (Oppo. at 7.) He claims that when he complained about the opening and delay of his legal mail, prison officials concluded that "the inadvertent opening of legal mail happened from time to time due to the volume of mail being processed," an explanation which Plaintiff does not accept. Plaintiff claims that the inadvertent mail openings "constituted deliberate retaliation against Plaintiff for filing and winning two earlier inmate appeals." (Oppo. at 8.) Plaintiff asserts that these incidents "suggest an ongoing practice of censorship unjustified by a substantial government interest to punish Plaintiff for exercising rights to Freedom of Speech and to deter similar conduct in the future." (Id.)

       Plaintiff's retaliation claim fails because he has failed to show all five elements. With respect to the second element, Plaintiff failed to show that the retaliatory action was "because of" Plaintiff's successful grievances. Rhodes, 408 F.3d at 567-68. His allegation above that the incidents "suggest an ongoing practice of censorship" is conclusory and speculative and unsupported by facts. (Oppo. at 8.) A court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." Clegg v. Cult Awareness Network, 18 F.3d 752, 754-55 (9th Cir. 1994).  Furthermore, Plaintiff failed to show that Defendants' allegedly unlawful actions "chilled [Plaintiff's] exercise of his First Amendment rights," which is the fourth element of a retaliation claim. A prisoner must at least allege that he suffered harm, since harm that is more than minimal will almost always have a chilling effect. Rhodes, 408 F.3d at 567-68 n.11. However, Plaintiff conceded in his opposition that he suffered no actual injury as a result of the delayed mail and withdrew his access to courts claim. (Oppo. at 2.) Plaintiff makes no other allegation with respect to harm to support a retaliation claim. Lastly, as discussed above in Plaintiff's claim that his mail was unconstitutionally delayed, Defendants have shown that there was a legitimate penological interest to maintain prison security and regulate administrative costs in the examination of prisoners' non-confidential mail. See *supra* at 6. The prisoner bears the burden of pleading and proving absence of legitimate

correctional goals for the conduct of which he complains. <u>Pratt</u>, 65 F.3d at 806. Here, Plaintiff failed to show that "the action did not reasonably advance a legitimate correctional goal," <u>Rhodes</u>, 408 F.3d at 567-68, which is the fifth element of a retaliation claim. Accordingly, Defendants' motion to dismiss Plaintiff's retaliation claim is GRANTED. The claim is DISMISSED with prejudice for failure to state a claim. <u>See</u> <u>Twombly</u>, 550 U.S. at 570.

### C. Conspiracy Claim

Plaintiff's last claim is that Defendants conspired to unlawfully inspect and delay his mail in order to interfere with his constitutional rights. However, conclusory allegations of a conspiracy which are not supported by material facts are insufficient to state a claim under § 1983. <u>Woodrum v. Woodword County</u>, 866 F.2d 1121, 1126 (9th Cir. 1989). Plaintiff's allegations are not supported by facts suggesting any such agreement between Defendants, and are therefore largely conclusory and speculative. Furthermore, plaintiff must allege that a constitutional right was violated – conspiracy, even if established, does not give rise to liability under § 1983 unless there is such a deprivation. <u>Id.</u> Here, Plaintiff has failed to show that he suffered a constitutional violation as Defendants did not violate his First Amendment rights by inspecting and delaying his mail, <u>see</u> *supra* at 6-7, and Plaintiff failed to allege sufficient facts to support a retaliation claim, <u>id.</u> at 8. Accordingly, Defendants' motion to dismiss Plaintiff's conspiracy claim is GRANTED for failure to state a claim. This claims is DISMISSED with prejudice. <u>See Twombly</u>, 550 U.S. at 570.

### CONCLUSION

For the reasons stated above, Defendants' motion to dismiss, (Docket No. 30), is GRANTED for failure to state a claim.[2] Defendant S. Gonzales' motion for joinder,

---

[2] Because the Court finds that no constitutional violation occurred, it is not necessary to reach Defendants' qualified immunity argument.

1 | (Docket No. 51), to Defendants' motion to dismiss is GRANTED.  All claims against
2 | Defendants M.W. Cramer, R. Wingo, Robert Ayers, T .Amrhein-Conama, Sung, N.
3 | Grannis and S. Gonzales are DISMISSED with prejudice.
4 |     Plaintiff's motion to stay, (Docket No. 53), is DENIED as moot.
5 |     This order terminates Docket Nos. 30, 51 and 53.
6 |     IT IS SO ORDERED.
7 | DATED: 9/28/10
8 |                                                       JEREMY FOGEL
                                                      United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

KENNETH J. PACKNETT,

        Plaintiff,

  v.

R. WINGO, et al.,

        Defendants.

Case Number: CV09-00327 JF

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on 9/29/10, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Kenneth Jerome Packnett C94858
CA State Prison at San Quentin
1-N-37-L
San Quentin, CA 94974

Dated: 9/29/10

                                            Richard W. Wieking, Clerk