IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH JEROME PACKNETT, ) | No. C 09-0327 YGR (PR) |
| ) | |
| Plaintiff, ) | **ORDER DENYING PLAINTIFF'S** |
| ) | **MOTION FOR JUDGMENT ON THE** |
| v. ) | **PLEADINGS; GRANTING** |
| ) | **DEFENDANTS' REQUEST TO SCREEN** |
| ) | **THE AMENDED COMPLAINT; AND** |
| R. WINGO, et al., ) | **SETTING BRIEFING SCHEDULE** |
| ) | |
| Defendants. ) | (Docket Nos. 73, 75) |
| _____ ) | |

In this reopened *pro se* civil rights action, Plaintiff has filed a motion for judgment on the pleadings, and Defendants have filed a request to screen the amended complaint. (Docket Nos. 73, 75).

For the reasons outlined below, the Court DENIES Plaintiff's motion for judgment on the pleadings as premature and GRANTS Defendants' request to screen the amended complaint. The parties shall abide by the briefing schedule outlined below.

**BACKGROUND**

On January 26, 2009, Plaintiff, a California prisoner proceeding *pro se*, filed the instant civil rights action pursuant to 42 U.S.C. § 1983 against various prison officials at San Quentin State Prison ("SQSP") relating to his incoming legal mail. This action was originally assigned to the Honorable Jeremy Fogel, former United States District Judge. The following factual background is taken from Judge Fogel's September 28, 2010 Order:

> According to the complaint, Plaintiff was involved in several lawsuits when he came into the custody of SQSP in March 2006. (Compl. 7.) Plaintiff's allegations with respect to SQSP officials' wrongful handling of his legal mail are as follows: (1) In January 2007, two pieces of incoming mail, one from the law offices of Bailey, Perrin, & Bailey, and one from the Watts Law Firm, were inappropriately opened and delayed during January 2007, (*id.* at 9-10); (2) in February 2007, two pieces of legal mail were opened outside of his presence, (*id.* at 11); (3) in March 2007, another piece of mail from Bailey, Perrin, & Bailey was opened outside of his presence and delayed twenty days, (*id.* at 14); (4) in July 2007, mail from Bailey, Perrin, & Bailey was delayed for over a month and opened outside of his presence, (*id.* at 16); (5) in October 2007, mail from Bailey, Perrin, & Bailey was opened and delayed, (*id.* at 18); and (6) in January 2008, mail from the Watts Law Firm was opened and a settlement check was removed, (*id.* at 20). Plaintiff alleges that the responses for the grievances he filed in connection with these legal mail incidences had inadequate documentation as to the reasons why his mail was opened and who opened the correspondence in error. (*Id.* at 26, 28, 29, &

31-32.)

> Plaintiff claims that his First Amendment rights were violated when Defendants wrongfully opened and delayed his legal mail, and that their actions did not advance any legitimate state interest and created a "chilling effect" on his First Amendment rights. (Compl. at 28.) Plaintiff alleges that Defendants acted in retaliation and conspired to interfere with Plaintiff's constitutional rights.

(Sept. 28, 2010 Order at 2.) Judge Fogel found that the complaint, liberally construed, stated cognizable claims, and ordered service upon Defendants.

Thereafter, in an Order dated September 28, 2010, Judge Fogel granted Defendants' motion to dismiss Plaintiff's federal and state law claims for failure to state a claim. Upon finding that no constitutional violation had occurred, Judge Fogel determined it was not necessary to reach Defendants' alternative qualified immunity argument. Judge Fogel then entered judgment on September 28, 2010 and closed the case.

On November 3, 2010, Plaintiff filed a notice of appeal.

On March 6, 2012, the Ninth Circuit Court of Appeals issued a memorandum determining that the dismissal of Plaintiff's denial-of-mail claims was improper because he "sufficiently alleged that [D]efendants opened various pieces of his legal mail outside his presence in violation of state regulations and the First Amendment." (Ninth Cir. Mar. 6, 2012 Order at 2-3 (citations omitted).) The Ninth Circuit also found that Plaintiff's retaliation claim was improperly dismissed because he "alleged that his First Amendment rights were chilled when [D]efendants search his cell, seized his property, and otherwise retaliated against him for filing grievances." (*Id.* at 3. (citations omitted).) The Ninth Circuit found all the remaining federal claims were properly dismissed and "decline[d] to address issues that may benefit from further development of the record, including whether defendants are entitled to qualified immunity and whether certain defendants were not personally involved in any alleged violation." (*Id.*) Thus, this Court's September 28, 2010 Judgment was affirmed in part, reversed in part and remanded. On remand, the Ninth Circuit further directed this Court to decide whether to exercise supplemental jurisdiction over the state law claims in Plaintiff's complaint. (*Id.*)

On March 29, 2012, the Ninth Circuit issued its mandate.

On April 2, 2012, this action was reopened and reassigned to the undersigned judge.

On March 22, 2013, Plaintiff filed a motion for leave to file an amended complaint, which

Defendants did not oppose.

In an Order dated September 24, 2013, the Court granted Plaintiff's motion for leave to file an amended complaint. The Court directed the Clerk of the Court to file the document attached to Plaintiff's motion and labeled, "Amended Complaint," and to mark it as filed on March 22, 2013, the date it was received.

**DISCUSSION**

As mentioned above, before the Court are Plaintiff's motion for judgment on the pleadings and Defendants' request to screen the amended complaint.

Plaintiff's motion for judgment on the pleadings is DENIED. (Docket No. 75.) The motion is premature, as a motion for judgment on the pleadings is allowed only after the pleadings have closed. *See* Fed. R. Civ. P. 12(c).

The Court GRANTS Defendants' request to screen the amended complaint. (Docket No. 73.) The Court now reviews Plaintiff's amended complaint below.

**I.     Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b)(1), (2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**II.    Legal Claims**

    **A.    Denial-of-Mail Claim**

In his amended complaint, Plaintiff re-alleges the aforementioned occasions Defendants opened his confidential legal mail outside of his presence and without his permission. (Am. Compl.

3

at 7-40.) Prison officials may institute procedures for inspecting "legal mail," e.g., mail sent between attorneys and prisoners, *see Wolff v. McDonnell*, 418 U.S. 539, 576-77 (1974) (incoming mail from attorneys), and mail sent from prisoners to the courts, *see Royse v. Superior Court*, 779 F.2d 573, 574-75 (9th Cir. 1986) (outgoing mail to court). But the opening and inspecting of "legal mail" outside the presence of the prisoner may have an impermissible "chilling" effect on the constitutional right to petition the government. *O'Keefe v. Van Boening*, 82 F.3d 322, 325 (9th Cir. 1996); *but cf. Keenan v. Hall*, 83 F.3d 1083, 1094 (9th Cir. 1996), *amended*, 135 F.3d 1318 (9th Cir. 1998) (prison officials may open and inspect mail to prisoner from courts outside prisoner's presence because mail from courts, as opposed to mail from a prisoner's lawyer, is not "legal mail"). If so, prison officials must establish that legitimate penological interests justify the policy or practice. *See O'Keefe*, 82 F.3d at 327. As Judge Fogel previously found, this Court also finds that when liberally construed, Plaintiff's allegations in his amended complaint state a cognizable claim that Defendants' actions involving his legal mail violated his First Amendment rights.

**B.     Retaliation Claim**

Also in his amended complaint, Plaintiff alleges that Defendants acted in retaliation by searching his cell, seizing his property and otherwise retaliating against him for filing grievances. (Am. Compl. at 24-25, 40-42.) Plaintiff claims that Defendants' "destructive cell search" was "in close temporal proximity following the filing of Plaintiff's grievance . . . ." (*Id.* at 41.) In addition, Plaintiff claims that the "ongoing pattern or practice of opening, reading and copying Plaintiff's legal mail outside of his presence along with the outright seizure of confidential attorney-client correspondence" created a "chilling effect on [his] fundamental Freedom of Speech Rights." (*Id.* at 42.)

Retaliation by a state actor for the exercise of a constitutional right is actionable under 42 U.S.C. § 1983, even if the act, when taken for different reasons, would have been proper. *Mt. Healthy City Bd. of Educ. v. Doyle*, 429 U.S. 274, 283-84 (1977). The plaintiff must show that the type of activity he was engaged in was protected by the First Amendment and that the protected conduct was a substantial or motivating factor for the alleged retaliatory acts. *Id.* at 287. Prisoners may not be retaliated against for exercising their right of access to the courts. *Schroeder v.*

4

*McDonald*, 55 F.3d 454, 461 (9th Cir. 1995). The right of access to the courts extends to established prison grievance procedures. *Bradley v. Hall*, 64 F.3d 1276, 1279 (9th Cir. 1995) *overruled on other grounds by Shaw v. Murphy*, 532 U.S. 223, 230 n.2 (2001). Thus, a prisoner may not be retaliated against for using such procedures. *Rhodes v. Robinson*, 408 F.3d 559, 567 (9th Cir. 2005).

Again, as Judge Fogel previously found, this Court also finds that when liberally construed, Plaintiff's allegations in his amended complaint state a cognizable retaliation claim against Defendants.

### C. State Law Claims

Plaintiff alleges that Defendants' aforementioned actions also violate various provisions of California law. The federal supplemental jurisdiction statute provides that "'district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.'" 28 U.S.C. § 1367(a).

Liberally construed, Plaintiff's allegations satisfy the statutory requirement. Accordingly, the Court will exercise supplemental jurisdiction over Plaintiff's state law claims.

### **CONCLUSION**

For the foregoing reasons, the Court orders as follows:

1. Plaintiff's motion for judgment on the pleadings is DENIED. (Docket No. 75.)
2. Defendants' motion to screen the amended complaint (Docket No. 73) is GRANTED.
3. Plaintiff's amended complaint states cognizable First Amendment claims, specifically denial-of-mail and retaliation claims.
4. The Court will exercise supplemental jurisdiction over Plaintiff's state law claims.
5. The following briefing schedule shall govern dispositive motions in this action:

    a. No later than **sixty (60) days** from the date of this Order, Defendants shall file a motion for summary judgment or other dispositive motion. The motion must be supported by adequate factual documentation, must conform in all respects to Federal Rule of Civil Procedure 56, and must include as exhibits all records and incident reports stemming from the events at issue. A

motion for summary judgment also must be accompanied by a *Rand*[1] notice so that Plaintiff will have fair, timely and adequate notice of what is required of him in order to oppose the motion. *Woods v. Carey*, 684 F.3d 934, 935 (9th Cir. 2012) (notice requirement set out in *Rand* must be served concurrently with motion for summary judgment). A motion to dismiss for failure to exhaust available administrative remedies must be accompanied by a similar notice. *Stratton v. Buck*, 697 F.3d 1004, 1008 (9th Cir. 2012); *Woods*, 684 F.3d at 935 (notice requirement set out in *Wyatt v. Terhune*, 315 F.3d 1108 (9th Cir. 2003), must be served concurrently with motion to dismiss for failure to exhaust available administrative remedies).

If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due. All papers filed with the Court shall be promptly served on Plaintiff.

  b. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **twenty-eight (28) days** after the date on which Defendants' motion is filed.

  c. Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradicts the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand*, 154 F.3d at 962-63.

---

[1] *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998).

Plaintiff also is advised that a motion to dismiss for failure to exhaust available administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice. You must "develop a record" and present it in your opposition in order to dispute any "factual record" presented by the defendants in their motion to dismiss. *Wyatt*, 315 F.3d at 1120 n.14. You have the right to present any evidence to show that you did exhaust your available administrative remedies before coming to federal court. Such evidence may include: (1) declarations, which are statements signed under penalty of perjury by you or others who have personal knowledge of relevant matters; (2) authenticated documents -- documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers such as answers to interrogatories or depositions; (3) statements in your complaint insofar as they were made under penalty of perjury and they show that you have personal knowledge of the matters state therein. In considering a motion to dismiss for failure to exhaust, the court can decide disputed issues of fact with regard to this portion of the case. *Stratton*, 697 F.3d at 1008-09.

(The *Rand* and *Wyatt/Stratton* notices above do not excuse Defendants' obligation to serve said notices again concurrently with motions to dismiss for failure to exhaust available administrative remedies and motions for summary judgment. *Woods*, 684 F.3d at 935.)

       d.     Defendants shall file a reply brief no later than **fourteen (14) days** after the date Plaintiff's opposition is filed.

       e.     The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

6.     Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure. Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to Defendants to depose Plaintiff and any other necessary witnesses confined in prison.

7.     All communications by Plaintiff with the Court must be served on Defendants' counsel by mailing a true copy of the document to them.

8.     It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Pursuant to Northern District Local Rule 3-11 a party proceeding *pro se* whose address changes

while an action is pending must promptly file a notice of change of address specifying the new address. *See* L.R. 3-11(a). The Court may dismiss without prejudice a complaint when: (1) mail directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and (2) the Court fails to receive within sixty days of this return a written communication from the *pro se* party indicating a current address. *See* L.R. 3-11(b).

9. Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than **fourteen (14) days** prior to the deadline sought to be extended.

10. This Order terminates Docket Nos. 73 and 75.

IT IS SO ORDERED.

DATED:   March 12, 2014

**Y**VONNE **G**ONZALEZ **R**OGERS
**U**NITED **S**TATES **D**ISTRICT **C**OURT **J**UDGE