IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH JEROME PACKNETT, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ) <br> R. WINGO, et al., ) <br> ) <br> Defendants. ) <br> _____ ) | No. C 09-0327 YGR (PR) <br><br> **ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE A SUPPLEMENTAL COMPLAINT; AND GRANTING IN PART AND DENYING IN PART HIS AMENDED MOTION FOR U.S. MARSHAL TO SERVE THREE NEW DEFENDANTS** <br><br> (Dkts. 86, 91) |

This is a reopened *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against various prison officials at San Quentin State Prison ("SQSP") relating to Plaintiff's incoming legal mail.

Before the Court are Plaintiff's two pending motions. First, Plaintiff filed a motion for leave to file a supplemental complaint (dkt. 86), which Defendants oppose (dkt. 90). Second, Plaintiff filed a motion entitled, "Amended Motion for U.S. Marshal[] to Serve Three (3) Approved Defendants, Already Set Forth in the Amended Complaint" (dkt. 91).

For the reasons outlined below, the Court DENIES Plaintiff's motion for leave to file a supplemental complaint, and GRANTS in part and DENIES in part his motion to serve the three new Defendants named in his amended complaint. The new Defendants and Plaintiff shall abide by the briefing schedule outlined below.

**DISCUSSION**

**I.     Background**

After this case was reopened, Plaintiff moved for leave to file an amended complaint and submitted a proposed amended complaint. Dkt. 72. Plaintiff's amended complaint named three additional Defendants -- V. Daalla, Mederious and Bluitt (all San Quentin State Prison ("SQSP") Mailroom Employees) -- and reasserted the First Amendment delay-of-mail and retaliation claims that he asserted against the original seven served Defendants -- M. Cramer, R. Wingo, R. L. Ayers, T. Amrhein-Conama, D. Sung, S. Gonzales, and N. Grannis. Dkt. 80. Similar to his claims against the original Defendants, Plaintiff alleged that Defendants Daalla, Mederious and Bluitt inappropriately handled his legal mail. *Id.* at 31, 36-38. The original Defendants filed a non-opposition to Plaintiff's motion for leave to file an amended complaint. Dkt. 73. Thereafter, the

Court granted Plaintiff leave to file the amended complaint, and the original Defendants waived their right to reply to the amended complaint.  Dkts. 79, 81.

On March 12, 2014, the Court screened Plaintiff's amended complaint under 28 U.S.C. § 1915A and allowed it to proceed on claims of retaliation, First Amendment delay-of-mail, and several state law claims.  Dkt. 82.  The Court found that Plaintiff's allegations that Defendants opened his confidential legal mail outside of his presence and without his permission on several occasions in 2007 and 2008 stated cognizable First Amendment delay-of-mail claims.  *Id.* at 3.  The Court also found cognizable retaliation claims based on Plaintiff's allegations that Defendants retaliating against him for filing grievances by searching his cell in January 2008 and seizing his property.  *Id.* at 4.  The Court also exercised supplemental jurisdiction over Plaintiff's state law claims.  *Id.* at 5.  The Court directed Defendants to file a motion for summary judgment or other dispositive motion by May 12, 2014.  *Id.*  On April 25, 2014, Defendants sought and received a sixty-day extension of time to file a dispositive motion up to and including July 11, 2014.  Dkts. 83-85, 89.

On April 23, 2014, Packnett filed a motion for leave to file a supplemental complaint under Federal Rule of Civil Procedure 15(d).  Dkt. 86.  In addition, Plaintiff attached a proposed supplemental complaint as well as several supporting exhibits to the motion.  Dkt. 86-1.  The supplemental complaint includes the following unrelated claims against eighteen new Defendants: deliberate indifference to medical needs; a violation of the Americans with Disabilities Act ("ADA"); retaliation; and conspiracy.  *Id.* at 1-6.  The allegations in the supplemental complaint stem from events at SQSP in late 2012 to incidents at the R. J. Donovan Correctional Facility in early 2013.  *Id.* at 12-26.

**II.     Plaintiff's Request for Leave to File an Supplemental Complaint**

Plaintiff requests for leave to file a supplemental complaint to add unrelated claims against eighteen new Defendants.  The supplemental complaint itself is 78 pages long, and the attached supporting exhibits are voluminous -- totaling 253 pages.  Plaintiff seeks to add new claims that were neither in the original complaint nor the amended complaint.  In fact, Plaintiff acknowledges that the allegations asserted in the supplemental complaint can be categorized as post-complaint, as they involve events occurring after the events complained of in this action.  Dkt. 86 at 1.  These

allegations are unrelated to the gravamen of Plaintiff's original and amended complaints, which mainly concerns events surrounding the original Defendants' (and the three new Defendants') opening of his confidential legal mail outside of his presence and without his permission in 2007 and 2008.

This action was first filed on January 26, 2009, almost five and a half years ago. It was reopened more recently in 2012, and Plaintiff was given leave to file an amended complaint in 2013. Plaintiff's amended complaint, which was forty-five pages long, pertains to a specific set of events and a limited number of Defendants who have been served (except for the three new Defendants named above). While Plaintiff was previously granted an opportunity to file a proper amended complaint, he now presents the Court with another lengthy 78-page document.

Under Federal Rule of Civil Procedure 15, Plaintiff may amend as of right at any time prior to the filing of a responsive pleading and thereafter only with leave of court. Leave must be freely granted "when justice so requires." *Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir. 1994); *cf. id.* (attempt to amend complaint requiring amendment of scheduling order under Fed. R. Civ. P. 16 must be based upon good cause). While mere delay in seeking to amend is not grounds to deny amendment, leave need not be granted, where the amendment of the complaint would cause the opposing party undue prejudice, is sought in bad faith, constitutes an exercise in futility, or creates undue delay. *Id.*; *see also Roberts v. Arizona Bd. of Regents*, 661 F.2d 796, 798 (9th Cir. 1981) (district court's finding of prejudice to defendants sufficient to deny amendment, because motion to amend came at eleventh hour, when summary judgment pending and discovery period had closed, affirmed as proper exercise of district court's discretion).

Here, Plaintiff's proposed supplemental complaint is ill-timed, coming after he had already been granted leave to file an amended complaint and long after the original Defendants' responsive pleading had been filed. The supplemental complaint would also significantly widen the scope of the amended complaint. While Plaintiff argues that the proposed supplemental complaint should be related back under Rule 15(c), this Court is not persuaded. The supplemental complaint is broader than the original and amended complaints, raising post-complaint allegations. In addition, Defendants would be substantially prejudiced by such amendment coming at the eleventh hour, when

3

their motion for summary judgment is scheduled to be filed, the discovery period has already commenced, and substantial delay would result if the amendment was granted. Furthermore, Plaintiff has not demonstrated any reason for his late amendment.

Accordingly, the Court finds that it is in the interests of justice and judicial efficiency to DENY Plaintiff's request for leave to file a supplemental complaint. The Clerk of the Court is directed to return the supplemental complaint and its supporting exhibits to Plaintiff, as explained below.

### III.  Service of Three New Defendants

As mentioned above, the Court screened Plaintiff's amended complaint and found cognizable claims against the named Defendants in that amended complaint, including the three new Defendants. Dkt. 82. Specifically, the Court found that Plaintiff's allegations in his amended complaint stated a cognizable First Amendment delay-of-mail claim against Defendants Daalla, Mederious and Bluitt (as well as the original seven served Defendants). Dkt. 82 at 3. However, the Court inadvertently failed to serve the new Defendants. Plaintiff now requests for the Court to direct the U.S. Marshal to effect service of summons on the new Defendants.

This First Amendment delay-of-mail claim may proceed against Defendants Daalla, Mederious and Bluitt, who shall abide by the briefing schedule outlined below. However, the Court will order service of the aforementioned new Defendants by sending them request for waiver of service of summons forms (as opposed to the requested service of summons by U.S. Marshal), as directed below. Accordingly, Plaintiff's "Amended Motion for U.S. Marshal[] to Serve Three (3) Approved Defendants, Already Set Forth in the Amended Complaint" is GRANTED in part and DENIED in part.

### CONCLUSION

For the foregoing reasons and for good cause shown, the Court orders as follows:

1. Plaintiff's request for leave to file a supplemental complaint (dkt. 86) is DENIED. The Clerk of the Court is directed to return the supplemental complaint (dkt. 86-1) and its supporting exhibits (dkts. 86-1, 86-2, 86-3, 86-4, 86-5) to Plaintiff at his current address. If Plaintiff wishes to pursue the claims in his supplemental complaint, he may do so by filing a *new* civil rights action

4

accompanied by the requisite $400.00 filing fee or an *in forma pauperis* ("IFP") application, using the proper forms provided to Plaintiff with his copy of this Order.

2.   Plaintiff's "Amended Motion for U.S. Marshal[] to Serve Three (3) Approved Defendants, Already Set Forth in the Amended Complaint" (dkt. 91) is GRANTED in part and DENIED in part.  Plaintiff's Fourth Amendment delay-of-mail claim may proceed against Defendants Daalla, Mederious and Bluitt, who shall abide by the briefing schedule outlined below.

3.   The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the amended complaint and all attachments thereto (dkt. 80) and a copy of this Order to the following persons, all of whom apparently work at SQSP's Mailroom: **V. Daalla, Mederious and Bluitt.**  The Clerk shall also mail copies of this Order to Plaintiff as well as to the served Defendants' attorney, **Donn Robert Duncan, II at the California State Attorney General's Office.**

4.   Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and complaint.  Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause be shown for their failure to sign and return the waiver form.  If service is waived, this action will proceed as if Defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required to serve and file an answer before **sixty (60) days** from the date on which the request for waiver was sent.  (This allows a longer time to respond than would be required if formal service of summons is necessary.)  Defendants are asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons.  If service is waived after the date provided in the Notice but before Defendants have been personally served, the Answer shall be due **sixty (60) days** from the date on which the request for waiver was sent or **twenty (20) days** from the date the waiver form is filed, whichever is later.

5.   Defendants shall answer the complaint in accordance with the Federal Rules of Civil Procedure.  The following briefing schedule shall govern dispositive motions in this action:

5

   a. No later than **twenty-eight (28) days** from the date their answer is due, Defendants shall file a motion for summary judgment or other dispositive motion. The motion must be supported by adequate factual documentation, must conform in all respects to Federal Rule of Civil Procedure 56, and must include as exhibits all records and incident reports stemming from the events at issue. A motion for summary judgment also must be accompanied by a *Rand*[1] notice so that Plaintiff will have fair, timely and adequate notice of what is required of him in order to oppose the motion. *Woods v. Carey*, 684 F.3d 934, 935 (9th Cir. 2012) (notice requirement set out in *Rand* must be served concurrently with motion for summary judgment). A motion to dismiss for failure to exhaust available administrative remedies must be accompanied by a similar notice. However, the Court notes that under the *new* law of the circuit, in the rare event that a failure to exhaust is clear on the face of the complaint, Defendants may move for dismissal under Rule 12(b)(6) as opposed to the previous practice of moving under an unenumerated Rule 12(b) motion. *Albino v. Baca*, No. 10-55702, slip op. at 4 (9th Cir. Apr. 3, 2014) (en banc) (overruling *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003), which held that failure to exhaust available administrative remedies under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) ("PLRA"), should be raised by a defendant as an unenumerated Rule 12(b) motion). Otherwise if a failure to exhaust is *not* clear on the face of the complaint, Defendants must produce evidence proving failure to exhaust in a motion for summary judgment under Rule 56. *Id.* If undisputed evidence viewed in the light most favorable to Plaintiff shows a failure to exhaust, Defendants are entitled to summary judgment under Rule 56. *Id.* at 4-5. But if material facts are disputed, summary judgment should be denied and the district judge rather than a jury should determine the facts in a preliminary proceeding. *Id.* at 5, 10.

 If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due. All papers filed with the Court shall be promptly served on Plaintiff.

   b. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **twenty-eight (28) days** after the date on which Defendants' motion is filed.

---

[1] *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998).

6

c. Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradicts the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand*, 154 F.3d at 962-63.

Plaintiff also is advised that -- in the rare event that Defendants argue that the failure to exhaust is clear on the face of the complaint -- a motion to dismiss for failure to exhaust available administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice. To avoid dismissal, you have the right to present any evidence to show that you did exhaust your available administrative remedies before coming to federal court. Such evidence may include: (1) declarations, which are statements signed under penalty of perjury by you or others who have personal knowledge of relevant matters; (2) authenticated documents -- documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers such as answers to interrogatories or depositions; (3) statements in your complaint insofar as they were made under penalty of perjury and they show that you have personal knowledge of the matters state therein. As mentioned above, in considering a motion to dismiss for failure to exhaust under Rule 12(b)(6) or failure to exhaust in a summary judgment motion under Rule 56, the district judge may hold a preliminary proceeding and decide disputed issues of fact with regard to this portion of the case. *Albino*, slip op. at 5, 10.

(The notices above do not excuse Defendants' obligation to serve similar notices again

7

concurrently with motions to dismiss for failure to exhaust available administrative remedies and motions for summary judgment. *Woods*, 684 F.3d at 935.)

    d. Defendants shall file a reply brief no later than **fourteen (14) days** after the date Plaintiff's opposition is filed.

    e. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

  6. Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure. Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to Defendants to depose Plaintiff and any other necessary witnesses confined in prison.

  7. All communications by Plaintiff with the Court must be served on Defendants or their counsel, once counsel has been designated, by mailing a true copy of the document to them.

  8. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Pursuant to Northern District Local Rule 3-11 a party proceeding *pro se* whose address changes while an action is pending must promptly file a notice of change of address specifying the new address. *See* L.R. 3-11(a). The Court may dismiss without prejudice a complaint when: (1) mail directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and (2) the Court fails to receive within sixty days of this return a written communication from the *pro se* party indicating a current address. *See* L.R. 3-11(b).

  9. Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than **fourteen (14) days** prior to the deadline sought to be extended.

  10. The Clerk shall send Plaintiff a blank civil rights form and a blank IFP application along with his copy of this Order.

  11. This Order terminates Docket Nos. 86 and 91.

  IT IS SO ORDERED.

DATED: May 30, 2014

                    YVONNE GONZALEZ ROGERS
                    UNITED STATES DISTRICT COURT JUDGE