UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH JEROME PACKNETT,<br>　　　　Plaintiff,<br>　　v.<br>R. WINGO, et al.,<br>　　　　Defendants. | Case No. 09-cv-00327-YGR (PR)<br><br>**ORDER GRANTING PLAINTIFF'S REQUEST FOR COURT TO DIRECT UNITED STATES MARSHAL TO EFFECT SERVICE ON DEFENDANTS BLUITT AND MEDERIOUS**<br><br>(Dkts. 106, 121) |

　　　　Plaintiff requests the Court to direct the United States Marshal to effect service of the summons and complaint on Defendants Diane Bluitt and Mary Mederious. Dkts. 106, 121.

　　　　On May 30, 2014, the Court ordered service of the aforementioned Defendants by sending them request for waiver of service of summons forms (as opposed to the requested service of summons by United States Marshal). Dkt. 93 at 4.

　　　　On June 19, 2014, the Court was informed that Defendants Bluitt and Mederious had been "transferred from San Quentin State Prison [("SQSP")] to other locations in 2008." Dkt. 98 at 1. Also on June 19, 2014, the Clerk of the Court re-served Defendants Bluitt and Mederious by mailing each of them a Notice of Lawsuit and Request for Waiver of Service of Summons to the supplied addresses provided by the SQSP litigation coordinator. Dkt. 99. Although the mail send to Defendants Bluitt and Mederious was not returned as undeliverable, these Defendants did not return a waiver of service within the thirty-day period provided in that notice and have not otherwise appeared in this matter.

　　　　As mentioned above, Plaintiff has filed a request for the Court to serve Defendants Bluitt and Mederious by the United States Marshal.

　　　　Pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure, when a waiver has not been obtained, service may be effected by way of personal service. Plaintiff is proceeding *in forma pauperis*; therefore, he is entitled to such service by the United States Marshal. Fed. Rule Civ. P. 4(c)(2). Therefore, the Court GRANTS Plaintiff's request for the Court to direct the United States Marshal to effect service of the summons and complaint on Defendants Bluitt and Mederious. Dkts. 106, 121.

Good cause appearing therefor, the United States Marshal is hereby ORDERED to attempt to effect personal service upon Defendants Bluitt and Mederious, former SQSP mailroom employee processors, at their supplied addresses indicated below, and obtain that these Defendants' last-known addresses in the event that they are not located at the supplied addresses. Upon obtaining these addresses, the United States Marshal shall serve these Defendants "personally" or at their "dwelling house or usual place of abode with some person of suitable age and discretion then residing therein," or serve an agent of these Defendants "authorized by appointment or by law to receive service of process," as directed below. Fed. R. Civ. P. 4(e)(2). If service by the United States Marshal upon these Defendants is unsuccessful, then the Court will require Plaintiff to provide these Defendants' current addresses by issuing a notice regarding inability to serve Defendants Bluitt and Mederious.

Defendants Bluitt and Mederious are to be served at the following supplied addresses:

**(1) Defendant Diane Bluitt, Solano State Prison, P.O. Box 4000, Vacaville, CA 95696; and**

**(2) Defendant Mary Mederious, State Compensation Insurance Fund, 6000 State Farm Dr., Suite 100A, Rohnert Park, CA 94928.**

This Order terminates Docket Nos. 106 and 121.

**IT IS SO ORDERED.**

Dated: October 29, 2014

_____
YVONNE GONZALEZ ROGERS
United States District Court Judge

P:\PRO-SE\YGR\CR.09\Packnet0327.Grant-MARSHALservice.docx